CLERK
US DISTRICT & BANKRUPTCY
COURT

2007 DEC 17 PM 5: 53

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

RECEIVED **FILED**

**DEC 1 7 2007**

LESTER E. COX MEDICAL CENTERS
1423 NORTH JEFFERSON
SPRINGFIELD, MO 65802

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

                    Plaintiff,

VS.

MICHAEL O. LEAVITT, IN HIS
OFFICIAL CAPACITY AS SECRETARY
OF THE DEPARTMENT OF HEALTH
AND HUMAN SERVICES,

                    Defendant.

Case: 1:07-cv-02264
Assigned To : Kessler, Gladys
Assign. Date : 12/17/2007
Description: Admn Agency Review

_____/

ALAN J. SEDLEY (Bar No. OH0017)
LAW OFFICES OF ALAN J. SEDLEY
21550 Oxnard Street  Suite 880
Woodland Hills, CA  91367
Phone: (818) 716-6800
Fax: (818) 716-5001
asedley02@sprintpcs.com
COUNSEL FOR PLAINTIFF
_____/

**COMPLAINT FOR JUDICIAL REVIEW OF FINAL ADVERSE**
**AGENCY DECISION ON MEDICARE REIMBURSEMENT**

**I.**

**INTRODUCTION**

1.      The instant matter involves procedures established internally by the Provider

Reimbursement Review Board (hereinafter, "PRRB" or "Board"), an administrative tribunal that

-1-

adjudicates disputes between providers of Medicare services on the one hand, and the federal government on the other hand. In the case at hand, inasmuch as LESTER E. COX MEDICAL CENTERS (hereinafter, "COX") allegedly did not strictly comply with one such internal procedural guideline pertaining to the attendance at a hearing scheduled by the PRRB, and as a result, the PRRB has unilaterally dismissed COX 's appeal. Unless the Court intervenes, this dismissal shall operate to deprive COX of its right to be heard on reimbursement issues that could be resolved favorably to COX for hospital services furnished to Medicare patients during the 1992 fiscal year.

Moreover, COX files the instant complaint against Defendant arising out of the PRRB's denial of COX's request for expedited judicial review ("EJR"). COX contends that EJR should have necessarily been granted by the PRRB; it was appropriate that COX bypass the Board's hearing procedure and obtain judicial review of an issue involving a question of law or regulation where the Board was obligated to reasonably conclude that it was without the authority to decide such question. COX, in the alternative, seeks to have this Court remand the matter back to the PRRB to issue the appropriate granting of COX's request for EJR, or alternatively, grant COX judgment as a matter of law.

## II.

## JURISDICTION AND VENUE

2.     This is a civil action brought to obtain judicial review of a final agency decision rendered by the Medicare Provider Reimbursement Review Board ("PRRB"). This action is timely filed pursuant to 42 U.S.C. § 1395oo(f)(1).

3.     The instant action arises under Title XVIII of the Social Security Act, as amended (42 U.S.C. §§ 551 *et seq.*) hereinafter referred to as the "Medicare Act" or the "Act", which establishes

the Medicare program (the "Medicare Program" or the "Program"), and the Administrative

Procedure Act ("APA"), 5 U.S.C. §§ 551 *et seq.*

4.    This Court has jurisdiction under 42 U.S.C. § 1395oo(f) (appeal of final Medicare

program agency decision) and 28 U.S.C. § 1331 (federal question).  Venue lies in this judicial district

pursuant to 42 U.S.C. § 1395oo(f) and § 28 U.S.C. § 1391 (e).  This Court has authority to grant the

relief requested under 42 U.S.C. § 1395oo(f) and 28 U.S.C. §§ 2201-2202.

## III.

## PARTIES

5.    Plaintiff, LESTER E. COX MEDICAL CENTERS (hereinafter, "Plaintiff") are acute

care, inpatient hospitals located in Springfield, Missouri and is organized as a nonprofit corporation

exempt from federal income taxation as a charitable organization.  During the relevant period,

Plaintiff was certified as a "provider of services" participating in the Medicare program within the

meaning of 42 U.S.C. § 1395x(u).

6.    Defendant, Michael O. Leavitt, Secretary of the Department of Health and Human

Services (hereinafter referred to as the "Secretary"), or his predecessors in office, is the federal

officer responsible for the administration of the Medicare Program pursuant to the Medicare Act.

The Secretary has delegated administration of the Medicare Program to the Centers for Medicare and

Medicaid Services ("CMS").

## IV.

## INTRODUCTION

7.    By this action, Plaintiff challenges the Secretary's application of a Medicare statute

that directs the Secretary to make additional Medicare payments to hospitals that serve "a

significantly disproportionate number of low income patients." These additional payments are commonly referred to as disproportionate share hospital or "DSH" payments. Under the relevant statute, the term "low-income" patients includes patients eligible for medical assistance under a state plan of medical assistance approved under Title XIX of the Social Security Act.

When computing the Plaintiff's eligibility for additional DSH payments during the fiscal year at issue, the Secretary applied a policy requiring the exclusion of hospital days attributable to patients who were eligible for medical assistance under a State plan (hereinafter, "General Relief") approved under Title XIX. The Secretary's action in this case, to the extent that it precludes patient days attributable to General Relief populations from factoring into the DSH payment calculation for portions of any cost reporting period contravenes the plain and unambiguous wording of the controlling Medicare statute, is inconsistent with congressional intent, and is arbitrary, capricious and otherwise contrary to law.

Further, the Secretary's application of the DSH statute inappropriately draws a distinction between similarly situated Medicare providers in violation of the right to equal protection of laws afforded by the United States Constitution.

Moreover, and under the authority of 42 U.S.C. § 1395oo(f)(1) and 42 C.F.R. § 405.1842, the Secretary, by and through the statutorily granted powers of the PRRB, has the authority to permit expedited judicial review, or EJR, in instances when the PRRB determines that it does not have the authority to decide a question of law, regulation or CMS ruling. That is because, "The judiciary is the final authority on issues of statutory construction and must reject administrative constructions which are contrary to clear congressional intent."

////

Despite the fact that Plaintiff formally requested EJR so as to bypass the Board's hearing procedure and obtain judicial review of an issue involving a question of law or regulation, it was arbitrarily and capriciously denied that request by the PRRB, constituting a serious abuse of the Board's discretion, demonstrating disparate treatment against this Plaintiff, and violating Plaintiff's right to the equal protection of laws afforded by the United States Constitution.

## V.

## MEDICARE PAYMENT

8.      The Medicare Act establishes a system of health insurance for the aged and the disabled. The Medicare program is federally funded and is administered by the Secretary through the Centers for Medicare and Medicaid Services ("CMS"). 42 U.S.C. § 1395kk; 42 Federal Register ("Fed Reg.") 13,202 (Mar. 9, 1997).

9.      Under the Medicare Act, an eligible Medicare beneficiary is entitled to have payment made by the Medicare Program on his/her behalf for inpatient and outpatient hospital services provided to him/her by a hospital participating in the Medicare Program as a "provider of services." As such, the Secretary reimburses health care providers, including hospitals, for services provided Medicare patients. 42 U.S.C. § 1395 to 1395ccc. Medicare reimbursement is typically handled by fiscal intermediaries, such as insurance companies, pursuant to contracts with the Secretary. 42 U.S.C. §1395h. The fiscal intermediary makes interim payments to health care providers, then determines the proper amount of reimbursement for the entire fiscal year. 42 U.S.C. § 1395h(a).

10.     A health care provider seeking reimbursement must submit an annual cost report to its fiscal intermediary. 42 C.F.R. § 413.20(a)-(b); 413.24(f). The fiscal intermediary then audits the cost report, determines the reimbursement amount to which the provider is entitled under the statute

and regulations, and issues a Notice of Amount of Medicare Program Reimbursement ("NPR"). 42 C.F.R. § 405.1803. The fiscal intermediary that acted on behalf of the Secretary with respect to Plaintiff was Mutual of Omaha. (hereinafter, "Intermediary"). The intermediary acts as agent of the Defendant Secretary.

11.    A provider dissatisfied with its intermediary's decision may file an appeal with the Provider Reimbursement Review Board ("PRRB") within 180 days of the date of the NPR. 42 U.S.C. § 1395oo(f)(1).

12.    A provider that has filed an appeal with the PRRB may ask the PRRB to determine that it lacks the authority to decide a "question of law or regulations relevant to the matters in controversy." 42 U.S.C. § 1395oo(f)(1). Such a request is generally known as a request for expedited judicial review ("EJR").

13.    If the PRRB determines that it lacks the authority to decide the issue raised by the provider in its appeal, a provider may seek judicial review of that issue by filing a lawsuit within 60 days of the receipt of the PRRB's EJR determination. 42 U.S.C. § 1395oo(f)(1).

14.    In the instant matter, the PRRB determined that it did *not* lack the authority to decide the issues raised by the provider in its appeal. Plaintiff strongly disagreed with the PRRB's determination. Though the PRRB set the instant matter for hearing, as discussed below, Plaintiff contends that the Board clearly abused its discretion in denying its request for EJR, that the "hearing" set by the PRRB and requiring Plaintiff's attendance, to deal with, among other things, the intermediary's *jurisdictional challenges*, was unprecedented, unnecessary, futile, and constituted an abuse of the Board's discretion.

/ / / /

15.    By virtue of the Board's dismissal of Plaintiff's appeal, *with prejudice*, presumably for its failure to attend the scheduled hearing, that decision is considered a final decision, is not subject to review by the Secretary,  42 U.S.C. § 1395oo(f)(1), and is ripe to be considered by this Court. That is to say, a PRRB determination denying jurisdiction or other determination dismissing an appeal prior to a decision on the merits is a final determination subject to court review pursuant to Section 1395oo(f).

## VI.

## THE MEDICARE DSH CALCULATION

16.    When Congress enacted the Medicare Prospective Payment System ("PPS") in 1983, it authorized the Secretary to provide an adjustment to PPS payments for hospitals that served a disproportionate share of low-income patients. 42 U.S.C. § 1395ww(d)(5)(C)(I).

17.    The Secretary delegated to CMS the authority to administer DSH adjustments as part of the PPS reimbursement system.  CMS, in turn, delegates the responsibility to the fiscal intermediaries who notify hospitals of their DSH adjustments in their NPR's.

18.    The intermediaries calculate the DSH adjustment by adding two fractions known as the "Medicare Proxy" and the "Medicaid Proxy". 42 U.S.C. § 1395ww(d)(5)(F)(vi).

19.    The Medicare Proxy, which is based on the number of low-income Medicare patients served by a given provider, is not at issue in this case. 42 U.S.C. § 1395ww(d)(5)(F)(vi)(I).

20.    The Medicaid Proxy accounts for all patient days related to patients who are not entitled to Medicare Part A benefits, but who are eligible for medical assistance under a State Plan approved under Title XIX:

/ / / /

-7-

> The fraction (expressed as a percentage), the numerator of which is the number of such hospital's patient days for such period which consists of patients who (for such days) were eligible for medical assistance under a State plan approved under subchapter XIX of this chapter, but who were not entitled to benefits under Part A of this subchapter, and the denominator of which is the total number of the hospital's patient days for such period.

42 U.S.C. § 1395ww(d)(5)(F)(vi)(II).

21.     A larger number of patient days in the numerator means a larger DSH adjustment for the provider.

## VII.

## MISSOURI'S STATE PLAN APPROVED UNDER TITLE XIX

22.     Congress enacted Title XIX of the Social Security Act ("Medicaid") in 1965. Medicaid is a cooperative federal-state program that furnishes health care to persons who meet specified eligibility requirements, including low-income status.

23.     States participating in the Medicaid Program have a substantial amount of discretion in selecting the benefits provided under their Medicaid programs. 42 U.S.C. § 1396d. Nevertheless, all states must furnish certain minimum benefits under their Medicaid program, including inpatient hospital services. 42 U.S.C. § 1396(a)(10)(A), 1396(a)(1).

24.     States have some flexibility in establishing payment rates for hospital services under their Medicaid programs. 42 U.S.C. § 1396(a)(13)(A).

25.     States that participate in the Medicaid program are required to develop a State Plan for delivery of medical assistance and submit it to the Secretary for approval. 42 U.S.C. § 1396. This Title XIX "State Plan" must comply with certain requirements of the Medicaid statute set forth in 42 U.S.C. § 1396a.

26.     The State of Missouri, at all relevant times referred to in this Complaint, maintained a valid Title XIX plan approved by the Secretary, which included General Relief.

27.     Under General Relief, Missouri hospitals are required to provide patient care to Missouri residents meeting certain low-income requirements. General Relief provides a mechanism to pay for care to General Relief patients by compensating hospitals for the costs of providing such care. General Relief is funded with state funds as well as federal matching payments under Medicaid (also known as federal financial participation (FFP)). For all years relevant to this Complaint, General Relief's eligibility criteria and funding provisions have been set forth in Missouri's State Plan approved under Title XIX.

## VIII.

## THE SECRETARY WRONGFULLY EXCLUDED General Relief DAYS FROM THE HOSPITAL'S MEDICARE DSH CALCULATIONS

28.     In computing the Hospital's Medicare DSH adjustments for fiscal year 1992, the Medicare fiscal intermediary ("Intermediary") excluded those inpatient days under the Missouri General Relief Program from the Medicaid proxy of the calculation. The exclusion of these General Relief days unlawfully reduced the Hospital's DSH adjustment.

29.     For Plaintiff's fiscal year 1992, Plaintiff filed a timely appeal with the PRRB. In the appeal, Plaintiff challenged CMS's policy under which it's DSH adjustment was calculated using a formula that excluded Missouri's General Relief days from the Medicaid Proxy of the DSH calculation. Plaintiff sought to have all General Relief patient days included as patient days in computing its DSH adjustment.

/ / / /

30.    By letter dated October 13, 2007, Plaintiff filed a request for EJR with the PRRB. A copy of this petition is attached as Exhibit "A". In that request, Plaintiff stated that "there exists no factual disagreements between the parties, and the only issue in the appeal involves a statutory dispute relating to the interpretation of the statutory DSH provision."

31.    Specifically, Plaintiff's challenge calls directly into question the validity of the DSH regulation found at 42 C.F.R. § 412.106(b)(4), ruling 97-2, and Program Memorandum A-99-62 (the "Program Memorandum" or "PM 99-62") as applied to the Missouri General Relief Program. All three of these authorities provide that the only patient days includable in the Medcaid Proxy of the DSH calculation are those days in which the patient was eligible for Medicaid. Because beneficiaries of Missouri General Relief Program are not eligible for Medicaid, the Board, before finding in favor of Plaintiff, had to first determine that all three of the authorities, at least with respect to the Missouri General Relief Program, are invalid. However, since the Board is prohibited from resolving issues which implicate the validity of a governing law, regulation or CMS ruling, the Board necessarily should have granted Plaintiff's petition for EJR.

32.    However, on October 17, 2007, the PRRB *denied* Plaintiff's request for EJR. A copy of the PRRB's decision is attached as Exhibit "B". This, and despite the *fact* that the Board previously granted EJR in two appeals involving quite similar issues (*Oregon Group Appeal,* PRRB Case No. 3891G, and the *Tennessee Group Appeal*, PRRB Case No. 03-1162G). The PRRB also granted EJR in a related case (*Ohio* 93-99 General Relief DSH Group) on December 7, 2005 (Exhibit "C").

33.    Within its notice of denial of EJR, the Board states that a significant reason for its decision rests with the fact that, "The Intermediary has challenged jurisdiction..... therefore,

-10-

jurisdiction has not been established." Moreover, "The Board will hear the challenge and the Providers' response, along with other motions, at the October 19 hearing."

34.     Plaintiff and its authorized representatives know of no other matter, brought either by this Plaintiff, or other providers, whereby the PRRB has issued a decision on a jurisdictional challenge at, or immediately following a "hearing." That is to say, the Board has long maintained the practice and protocol of issuing decisions relating to jurisdictional challenges by letter, following position papers submitted by the parties. Plaintiff knows of no exceptions to this practice and protocol, and has no reason to believe any such exceptions exist. Hence, to require a "hearing" in order to thereafter rule on a jurisdictional challenge is unprecedented, unfounded, places an unreasonable and undue burden on the provider such as Plaintiff herein (by, among other things, denying an otherwise valid request for EJR under the guise of a hearing requirement for a jurisdictional challenge), is arbitrary and capricious, and results in an abuse of discretion by this Board.

35.     The Secretary, by and through the actions of the Board, has offered no reasoned analysis and identifies no factual differences to justify the disparate treatment rendered to Plaintiff, whereby a matter ripe for EJR is denied such relief, and instead, a "hearing" is scheduled and attendance required to decide an intermediary's jurisdictional challenge where such issues have long been determined without requiring the personal attendance by the parties/representatives at a hearing.

36.     Moreover, the Board's decision to dismiss Plaintiff's appeal, *with prejudice*, for its failure to attend the scheduled "hearing" of October 19, 2007 was unreasonable. By letter dated October 18, 2007 (a true and correct copy attached as Exhibit "D"), Plaintiff, by and through its authorized representative, Quality Reimbursement Services, notified the Board that "the Provider

-11-

is electing to pursue an appeal of the EJR decision in Federal Court, rather than proceeding to a hearing on the merits of the case on October 19, 2007." Additionally, Plaintiff added that "We believe that there is sufficient documentation in the record for the Board to determine the basis of jurisdiction." Finally, "...we do not believe that it is necessary for the Provider to present argument or evidence at the time of the scheduled hearing on October 19, 2007." Plaintiff therefore was essentially resting on papers and documents provided to the Board previous to October 19 to determine, among other matters, the question of jurisdiction; a formal hearing was unnecessary, and overly burdensome, and under the circumstances, would be futile given the fact that the Board had already denied Plaintiff's request for an EJR when it was abundantly clear that such relief was appropriate.

37.     Nonetheless, the Board responded to Plaintiff's notice that it would not be appearing at hearing but in lieu rely upon the record thus far established in the appeal, by stating that the hearing would be held that day, and in the absence of Plaintiff's appearance, the matter would be dismissed (a true and correct copy of the Board's October 19 response letter attached as Exhibit "D".

38.     Subsequently, the Board did dismiss Plaintiff's appeal, *with prejudice.* (a true and correct copy of the Board's notification of dismissal is attached as Exhibit "E").

39.     This suit was filed within 60 days of the PRRB's dismissal, with prejudice, Plaintiff's PRRB appeal. This case is ripe for judicial review, and the court has jurisdiction over this case.

40.     Title 42, Part 412.106(b)(4) of the Code of Federal Regulations requires that General Relief days be included in the Medicaid proxy of the DSH calculation. To the extent that the Secretary has interpreted the provision to the contrary, that interpretation is incorrect, unlawful and void.

-12-

41.    In the alternative, to the extent that Part 412.106(b)(4) purports to preclude the inclusion of General Relief days in the DSH calculation, that aspect of the regulation contravenes the medicare statute and is unlawful, ultra vires, and void.

## COUNT 1 – DECLARATORY JUDGMENT: ABUSE OF DISCRETION

42.    Plaintiff realleges and incorporates by reference paragraphs 1 through 41 as if fully seat forth at length, below.

43.    The Secretary, by and through the actions of the PRRB, has violated the rights of Plaintiff, by, among other things, denying Plaintiff's request for EJR when the circumstances set forth clearly and concisely required the granting of EJR.  The specific issue presented, that is, whether three authorities, the DSH regulation found at 42 C.F.R. § 412.106(b)(4), Ruling 97-2 and Program Memorandum A-99-62 should be declared invalid as preventing the inclusion of General Relief days in the DSH calculation, clearly presented an issue that the Board *should have* determined that it did not have the authority to decide under 42 U.S.C. § 1395oo(f)(1) and 42 C.F.R. § 405.1842, and hence, should have granted EJR.

44.    The Secretary, by and through the actions of the PRRB, acted arbitrarily, capriciously, displayed disparate treatment towards Plaintiff, and violated Plaintiff's right to the equal protection of laws afforded by the United States Constitution.

45.    Plaintiff therefore seeks a judicial declaration that the Secretary is statutorily required to grant Plaintiff's request for EJR, thereby appropriately allowing this Court to determine the validity of the above-mentioned authorities in view of application of General Relief days in the DSH calculation.

/ / / /

## COUNT II – DECLARATORY JUDGMENT - VIOLATION OF THE MEDICARE STATUTE

46.    Plaintiff realleges and incorporates by reference paragraphs 1 through 45 as if fully seat forth at length, below.

47.    Ac actual controversy exists under 28 U.S.C. § 2201, et seq. as to whether General Relief days should be included in the DSH calculation.  In particular, Plaintiff asserts that the Secretary's current policy of excluding Missouri General Relief days from the Medicare DSH calculation violates the Medicare statute and is unlawful.

48.    Plaintiff therefore seeks a judicial determination that the Secretary is statutorily required to include General Relief days in the Medicare DSH calculation.

49.    The Intermediary excluded General Relief days from the DSH calculation for Plaintiff's fiscal year 1992.  Plaintiff seeks reimbursement with respect to its cost report for that fiscal year.

50.    The Secretary's construction of 42 U.S.C. § 1395ww(d)(5)(F)(vi)(II) (the Medicaid Proxy of the DSH calculation) is unlawful because it contravenes the statute's plain meaning.  The Secretary's construction is also contradicted by the legislative history.

51.    Under the Medicare statute, so long as a patient is eligible for medical benefits under a State Plan approved under Title XIX, for a particular day for which the patient receives inpatient hospital services, the patient day must be counted in the Medicaid Proxy of the DSH calculation.

52.    General Relief is part of Missouri's State Plan of medical assistance approved under Title XIX.

////

-14-

53. The Secretary's current policy of excluding General Relief days from the Medicaid proxy of the DSH calculation therefore violates the Medicare statute and is unlawful.

54. The Intermediary wrongfully excluded General Relief days for Plaintiff for the fiscal year 1992.

53. The Medicare statute requires the Secretary, CMS, and the Intermediary to include General Relief days in the DSH calculation. The Secretary should therefore be required to issue payment to Plaintiff reflecting the inclusion of General Relief days, and to recalculate Plaintiff's DSH adjustment in accordance with the Medicare statute and applicable regulations.

**WHEREFORE,** Plaintiff requests relief as follows:

### COUNT I

(1) A declaration by the Court that the Secretary, by and through the actions of the PRRB, has acted arbitrarily and capriciously, has abused its discretion, and violated Plaintiff's right of the equal protection of the laws under the United States Constitution by denying Plaintiff's request for EJR;

(2) Remanding this matter back to the PRRB, and;

(3) An order requiring that the PRRB re-issue its decision relating to Plaintiff's request for EJR by granting that request.

### COUNT II

(1) A declaration by the Court that:

(a) The Medicare statute requires the inclusion of General Relief days in the Medicaid proxy of the DSH calculation;

////

-15-

(b)     The Secretary's interpretation of 42 C.F.R. 412.106(b)(4) so as to exlcude General Relief days from the DSH calculation is unlawful;

(c)     To the extent that 42 C.F.R. 412.106(b)(4) purports to exclude General Relief days from the DSH calculation, the regulation violates the Medicare statute and is unlawful, ultra vires, and void;

(2)     An order requiring that:

(a)     The Secretary instruct the Intermediary in Missouri that Plaintiff's cost report at issue, to wit: for fiscal year 1992, must be corrected to include General Relief days, and that Plaintiff's DSH adjustment be recalculated in accordance with the Medicare statute and applicable regulations;

(b)     The Secretary instruct his Intermediary in Missouri to complete its audit, and make the resulting payment of additional Medicare DSH funds within 90 days of the Intermediary's receipt of documentation from Plaintiff; and,

(c)     The payments to Plaintiff reflect all amounts to which Plaintiff is entitled under the Medicare DSH statute with Missouri General Relief days factored into the calculation and include an award of interest thereon pursuant to 42 U.S.C. § 1395oo(f)(2)

## AS TO BOTH COUNTS

(1)     A declaration that this Court shall retain jurisdiction in this matter until the Secretary's recalculation of the Hospitals' Medicare DSH percentages and subsequent payment to Plaintiff is complete and/or the appropriate relief is granted by the PRRB by granting Plaintiff's request for EJR;

-16-

(2)     Attorneys fees and costs of suit incurred by Plaintiff as permitted by law; and,

(3)     Such other relief as this Court deems just and appropriate.

Respectfully submitted,

Alan J. Sedley (Bar No. OH0017)
LAW OFFICES OF ALAN J. SEDLEY
21550 Oxnard Street   Suite 880
Woodland Hills, CA   91367
Telephone No. (818) 716-6800

By: _____
    ALAN J. SEDLEY

-17-

# QUALITY REIMBURSEMENT SERVICES
## Healthcare Consultants

<u>**Via United Parcel Service**</u>

October 13, 2007

**FILE**
~~Group~~
10/15/07 ~~n~~

Mr. Steve Kirsh, Director
Division of Jurisdiction & Case Management
Provider Reimbursement Review Board
2520 Lord Baltimore Drive, Suite L
Baltimore, MD 21244-2670

Re:  **Group Name:      QRS 92 DSH/Medicaid Proxy**
     **PRRB Case:       04-1779G**
     **Fiscal Intermediary: Mutual of Omaha Insurance Company**
     **Request for Expedited Judicial Review**

Dear Mr. Kirsh:

The firm of Quality Reimbursement Services is the Providers' representative in the above-referenced appeal. By way of this letter brief, we hereby request that the Provider Reimbursement Review Board (the "Board") grant expedited judicial review ("EJR") to the Providers.

## I.    INTRODUCTION

The Provider is a Medicare and Medicaid certified acute care hospital in the State of Missouri that has requested hearings before the Board for the fiscal year 1992.

The appeal challenges the Intermediary's failure to include Missouri General Relief Days in the Medicaid Proxy of the Providers' Medicare Disproportionate Share ("DSH") calculation. Missouri General Relief Program is part of the Missouri State Plan approved by the Secretary of Health and Human Services under Title XIX, and the Intermediary's failure to include Missouri General Relief Program Days in the DSH calculation is a direct violation of the statutory DSH provision found at 42 U.S.C. § 1395ww(d)(5)(F)(vi)(II). There exists no factual disagreements between the parties, and the only issue in the appeal involves a statutory dispute relating to the interpretation of the statutory DSH provision.

*150 N. Santa Anita Avenue, Ste 570A, Arcadia, CA 91006 • Tel. (626) 445-5092 • Fax (626) 821-4488*
*Offices in: Spokane, Chicago, Colorado Springs, Detroit & Birmingham*

Exhbt A

Importantly, the Providers' challenge also calls directly into question the validity of the DSH regulation found at 42 C.F.R. § 412.106(b)(4), Ruling 97-2, and Program Memorandum A-99-62 (the "Program Memorandum" or "PM 99-62") as applied to Missouri General Relief Program. As explained in detail below, all three of these authorities provide that the only patient days includable in the Medicaid Proxy of the DSH calculation are those days in which the patient was eligible for Medicaid. Because beneficiaries of Missouri General Relief Program are not eligible for Medicaid, the Board, before finding in favor of the Providers, must first determine that all three of these authorities, at least with respect to Missouri General Relief Program, are invalid. The Board, which is prohibited from resolving issues which implicate the validity of a governing law, regulation or CMS ruling, is unauthorized to make this determination. The Board, therefore, should grant the Providers' petition for EJR.

## II. THE BOARD SHOULD GRANT EJR TO ALL PROVIDERS. AND FISCAL YEARS NOT SUBJECT TO THE INTERMEDIARY'S JURISDICTIONAL CHALLENGE

In its jurisdictional comments to the Board, the Intermediary challenged the Board's jurisdiction with respect to specific Providers and specific fiscal years. The Providers responded to the Intermediary's jurisdictional comments in its letter of October 10, 2007 (Exhibit 3).

## III. THE BOARD IS WITHOUT AUTHORITY TO DECIDE THE QUESTION OF WHETHER THE DSH REGULATION, RULING 97-2 AND PM 99-62 ARE INVALID AS APPLIED TO HCAP

Once the Board finds that it has jurisdiction, it must grant EJR if the appeal involves the validity of a governing law, regulation or CMS ruling. Here, the Providers' appeal involves one question of law: whether the federal DSH statute includes all patients who qualify for "medical assistance" under a State Plan approved under Title XIX. If the Board answers this question in the affirmative, Missouri General Relief Program days must be included in the DSH calculation because Missouri General Relief Program is a part of Missouri's approved State Plan under Title XIX. In order to resolve this issue, the Board must decide whether the DSH regulation, Ruling 97-2 and PM 99-62, all of which provide that only Medicaid days are to be included in the Medicaid Proxy of the DSH calculation, are valid as applied to Missouri General Relief Program.

A-2

Mr. Steve Kirsh, Director
October 13, 2007
Page 3

The Board has no authority to adjudge the validity of these authorities.

### A.    The Medicare DSH Calculation

Pursuant to the Comprehensive Omnibus Reconciliation Act of 1985 ("COBRA"), Congress created an adjustment to rates determined under the Prospective Payment System ("PPS") for hospitals serving a "significantly disproportionate number of low income patients." The DSH adjustment evidences a Congressional mandate to reimburse hospitals for the increased costs that may be incurred through the treatment of low-income patients and to ensure the continued operation of these facilities.

In order to qualify for a DSH adjustment, the hospital must meet a certain "disproportionate share percentage," which is defined as the sum of two fractions designed to act as proxies reflecting the number of low-income patients served. The first fraction, the Medicare Proxy, is not at issue in this case. The second fraction, the Medicaid Proxy, encompasses all patients who are not entitled to Medicare benefits, but who are eligible to receive medical assistance through a State Plan approved under Title XIX. Pursuant to the statutory DSH provision, the numerator of the Medicaid Proxy must include all "patient days for such period which consist of patients who (for such days) were eligible for medical assistance under a State Plan approved under [Title XIX], but who were not entitled to [Medicare Part A benefits]." The denominator of the Medicaid Proxy is calculated by the total number of hospital patient days for the specified period.

### B.    The DSH Regulation, Ruling 97-2 and PM 99-62

The regulation that the Secretary promulgated to implement the Medicaid Proxy is found at 42 C.F.R. § 412.106(b)(4). The DSH regulation instructs that only those patients eligible for Medicaid are to be included in the Medicaid Proxy: ["When calculating the Medicaid Proxy,] the fiscal intermediary determines . . . the number of the hospital's patients days of service for which patients were eligible for Medicaid but not entitled to Medicare Part A, and divides that number by the total number of patient days in the same period."

A·3

On February 27, 1997, the Health Care Financing Authority, now known as CMS (hereinafter referred to as "CMS"), issued Ruling 97-2 in an effort to prospectively change its interpretation of the statutory DSH provision and the DSH regulation. Ruling 97-2 also provides that only those patients eligible for Medicaid are counted in the Medicaid Proxy: "In order to ensure national uniformity in calculation of DSH adjustments, [CMS] has determined that . . . [it] will count in the Medicaid Proxy the number of days of inpatient hospital services for patients eligible for Medicaid on that day, whether or not the hospital received payment for those inpatient hospital services."

Thereafter, on December 1, 1999, CMS issued PM 99-62 to clarify "the definition of eligible Medicaid days in the Medicare disproportionate share policy" for cost reporting periods beginning on or after January 1, 2000. In the Program Memorandum, CMS again mandated that in order for a day to be counted in the numerator of the Medicaid Proxy, "the patient must be eligible on that day for medical assistance benefits under . . . Medicaid . . ." According to the Program Memorandum, all other patient days utilized by beneficiaries who were not eligible for Medicaid were to be excluded from the DSH calculation.

## C.     Missouri's General Relief Program.

Based upon State plan documentation in effect for FYE 1992, as provided by the Missouri Department of Social and Health Services, Division of Medical Services (attached as Exhibit 1), Charity Care was included in the determination of payments to individual hospitals under the State plan provisions. The Charity Care provided by the hospitals was also included in the HCFA 64 reporting for the purpose of federal financial participation. Charity Care is defined as providing health care services free of charge or at a reduced charge because of the indigence or medical indigence of the patient.

Individuals who qualified for the General Relief Program fall into this category of indigents.

A. 4

Mr. Steve Kirsh, Director
October 13, 2007
Page 5

**D.     The Providers' Appeal Involves the Validity of the DSH Regulation, Ruling 97-2 and PM 99-62**

The only issue in this appeal is whether Missouri General Relief Program days should be included in the Medicaid Proxy of the Medicare DSH calculation because those days relate to patients eligible for medical assistance under a State Plan approved under Title XIX. While Missouri General Relief Program is part of the Missouri State Plan approved under Title XIX, beneficiaries of the program are not eligible for Medicaid. Thus, the inclusion of Missouri General Relief Program days in the Medicaid Proxy of the DSH calculation is incompatible with the provisions of the DSH regulation, Ruling 97-2 and PM 99-62. In fact, the Intermediary, in its final position paper, argues that all three of these authorities preclude the Providers from prevailing in this appeal. In order to obtain a favorable ruling from the Board, therefore, the Provider must demonstrate that these three authorities are invalid as applied to Missouri General Relief Program because their application results in the exclusion, from the Medicaid Proxy, of "days . . . which consist of patients who . . . were eligible for medical assistance under a State Plan approved under [Title XIX], but who were not entitled to benefits under [Medicare Part A]."

The Providers in the instant matter contend that Board has no authority to pass judgment on the validity of the DSH regulation, Ruling 97-2 or PM 99-62. Therefore, the Providers request that the Board grant EJR.

**IV.     THE BOARD PREVIOUSLY GRANTED EJR IN TWO APPEALS INVOLVING SIMILAR ISSUES**

The Oregon Group Appeal, PRRB Case No. 00-3891G and the Tennessee Group Appeal, PRRB Case No. 03-1162G, involved challenges to the validity of a CMS policy that excluded all Section 1115 waiver days from the DSH calculation for patient discharges prior to January 20, 2000. When the Section 1115 waiver provision was enacted, Congress mandated that these programs be regarded as part of a State Plan of medical assistance approved under Title XIX. In both the Oregon and Tennessee appeals, the Providers argued that the Board was without authority to decide the question of whether the Medicare regulation governing reimbursement, which excluded Section 1115 waiver days from the DSH calculation, was valid. The Board,

A·5

Mr. Steve Kirsh, Director
October 13, 2007
Page 6

agreeing with the Providers' position, granted the Providers' request for EJR in each of these appeals.

Here, the Providers appeal arises from the intermediary's exclusion of Missouri General Relief Program days from the Providers' DSH calculation. Missouri General Relief Days, like Section 1115 waiver days, are days consisting of patients who were eligible for medical assistance under a State Plan of Medical Assistance approved under Title XIX. Also, the present appeal involves a federal regulation (as well as a CMS ruling and CMS program memorandum), which, at least with respect to Missouri General Relief Program, are in direct conflict with the express language and intent of the Medicare statute because they prohibit the inclusion of all days, other than Medicaid days, from the numerator of the Medicaid Proxy. Accordingly, under the same reasoning applied in the Oregon and Tennessee appeals, the Board should grant EJR in the instant matter.

The PRRB also, granted EJR in a related case (Ohio 93-99 HCAP DSH Group) on December 7, 2005 (Exhibit 2).

## V.    CONCLUSION

Based on the foregoing, the Providers request that the Board grant their petition for EJR.

Sincerely,

*[signature]*

J.C. Ravindran
President

cc:    Ms. Suzanne Cochran, Chairperson, Provider Reimbursement Review Board, 2550 Lord Baltimore Drive, Suite L, Baltimore, MD 21244-2670 (w/o enclosure)

Mr. Terry Gouger, Appeals Supervisor, Mutual of Omaha, Mutual of Omaha Medicare Area Lower Level 2, Omaha, NE 68175 (w/ enclosures)

Mr. Danny Hutter, Reimbursement Manager, Cox Medical Center, 3850 S. National Avenue, Suite 500, Springfield, MO 65807 (w/o enclosure)

AC

A.6

**DEPARTMENT OF HEALTH AND HUMAN SERVICES**
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671          FAX: 410-786-5298
Internet: www.cms.hhs.gov/PRRBReview

Suzanne Cochran, Esq., Chairperson
Elaine Crews Powell, CPA
Anjali Mulchandani-West, CPA
Yvette C. Hayes
Michael D. Richards, CPA

Refer to:   04-1779

OCT 17 2007

<u>VIA FACSIMILE AND CERTIFIED MAIL</u>

Quality Reimbursement Services          Mutual of Omaha
J.C. Ravindran                          Terry Gouger
150 N. Santa Anita Avenue, Ste 570      PO Box 1604
Arcadia CA 91006                        Omaha, NE 68101

> PRRB Case No: 04-1779
> Case Name: QRS 92 DSH/Medicaid Proxy Group
> Re: Expedited Judicial Review (EJR) request; Dated October 13, 2007. Received October 16, 2007

Dear Mr. Ravindran and Mr. Gouger:

The Provider Reimbursement Review Board (Board) has reviewed the Providers' October 13, 2007 request for expedited judicial review (EJR) in the above-referenced appeal. The Board finds that EJR is not appropriate.

<u>Background</u>

42 U.S.C. § 139500(f)(1) and 42 C.F.R. § 405.1842 permit expedited administrative review when the Board determines that it does not have the authority to decide a question of law, regulation or CMS ruling. This case arises from the calculation of the Providers' Medicare disproportionate share (DSH) percentage. The Providers are challenging the validity of the regulations, 42 C.F.R. §412.106(b)(4), Ruling 97-2 and Program Memorandum A-99-62, maintaining that these authorities are inconsistent with the DSH statute at 42 U.S.C. §1395ww(d)(5)(vi)(II). The statute provides that the Secretary must include in the DSH percentage calculation days of care for "patients who . . . were eligible for medical assistance under a State plan approved under [Title] XIX." Providers allege that patient days eligible under the Missouri General Relief Program fall under this statutory language but that the Secretary, through the regulation, ruling and program memorandum, has limited inclusion for DSH to only those days in which the patient was eligible for Medicaid. The Providers reason that because the Missouri General Relief Program patients are not eligible for Medicaid, the Board is required to rule that the regulation and ruling are invalid in order to find in favor of the Providers.

In addition to lack of authority to decide a question of law, regulation or ruling, the regulations establish several additional criteria for the Board to find EJR proper. Two are particularly relevant here: that the Board have jurisdiction, §42 C.F.R. §405.1842(b)(2), and that there are no factual issues in dispute. 42 C.F.R. §405.1842(d)(2)(ii).

Exh.b.t B

2

## Board Decision

The Board finds that EJR is not appropriate on three independent grounds.

> **Authority to decide the question.** The Providers' EJR request assumes that the Board is bound to invalidate a regulation and a ruling in order to find that the Providers' claim is allowed by the statute. The Board disagrees. In fact, the Board has issued several decisions under this provision of the DSH statute. _See e.g._ ORS 96 DSH MediKan Days Group v. Blue Cross Blue Shield Association/BlueCross Blue Shield Kansas, PRRB Dec. No. 2007-D24 (March 30, 2007).

> **Jurisdiction.** This case on Medicare reimbursement for the Providers' 1992 fiscal year has been scheduled for hearing on October 19, 2007. The Intermediary has challenged jurisdiction, alleging that the Providers settled this matter in full in another case for the same Providers in 2004. The Board will hear the challenge and the Providers' response, along with other motions, at the October 19 hearing. Therefore, jurisdiction has not been established.

> **Fact issues in dispute.** The Providers assert in their request for EJR that there are no fact issues in dispute. However, the Board has reviewed the parties' positions filed in this case and finds that assertion unfounded. For example, there is no indication that the Intermediary has conceded that the Missouri program in issue falls within the language of the statute or whether and to what extent the provider hospital furnished days of services under the Missouri program.

The Providers' request for EJR is hereby DENIED.

**Board Members:**
Suzanne Cochran, Esq.
Elaine Crews Powell, CPA
Anjali Mulchandani-West, CPA
Yvette C. Hayes
Michael D. Richards, CPA

For the Board:

_[signature]_

Suzanne Cochran, Esq.
Chairperson

Exhibit B·2

# QUALITY REIMBURSEMENT SERVICES
### Healthcare Consultants

**SENT VIA FACSIMILE: 410-786-5298 AND NEXT DAY UPS**

**FILE**
*Chrono*

October 18, 2007

Mr. Ben Cohen, Esq.
Board Advisor
Provider Reimbursement Review Board
2520 Lord Baltimore Drive, Suite L
Baltimore, MD 21244-2670

Re:  Group Name        :  QRS 92 DSH/Medicaid Proxy Group
     PRRB Case Number  :  04-1779G
     Expedited Judicial Review (EJR) Request

Dear Mr. Cohen:

We are in receipt of the Board's decision dated October 17, 2007, denying the Provider's request for Expedited Judicial Review in the above-referenced matter.  Please be advised that the Provider is electing to pursue an appeal of the EJR decision in Federal Court, rather than proceeding to a hearing on the merits of the case on October 19, 2007.  We believe that there is sufficient documentation in the record for the Board to determine the basis of jurisdiction, even though the Board has not yet issued a formal decision on jurisdiction.

The Board's decision in the above referenced case is contrary to the one granted pursuant to an Expedited Judicial Review request dated August 19, 2005 in Ohio 93-99 HCAP Sub-Group, PRRB Case No.02-1813G.  (See Exhibit 1).  The decision to grant Expedited Judicial Review was based primarily on the Ohio State Plan that was in effect for periods under review.

Under these circumstances, we do not believe that it is necessary for the Provider to present argument or evidence at the time of the scheduled hearing on October 19, 2007.  Thank you for your attention to this matter.

Sincerely,

J. C. Ravindran
President

cc:  Ms. Suzanne Cochran, Esq., Chairperson, Provider Reimbursement Review Board, 2520 Lord Baltimore Drive, Suite L, Baltimore, MD 21244-2670

     Mr. Terry Gouger, Supervisor, Appeals, Mutual of Omaha Insurance Company, Mutual of Omaha Plaza, Omaha, NE 68175

Enclosure

JCR:DR

**Exhibit C**

*150 N. Santa Anita Avenue, Ste 570A, Arcadia, CA 91006 • Tel. (626) 445-5092 • Fax (626) 821-4488
Offices in: Spokane, Chicago, Colorado Springs, Detroit & Birmingham*

2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671
Internet: www.cms.hhs.gov/PRRBReview
FAX: 410-786-5298

Elaine Crews Powell, CPA
Anjali Mulchandani-West, CPA
Yvette C. Hayes
Michael D. Richards, CPA

Refer to: 04-1779

OCT 1 9, 2007

VIA FACSIMILE AND CERTIFIED MAIL

Quality Reimbursement Services
J.C. Ravindran
150 N. Santa Anita Avenue, Ste 570
Arcadia CA 91006

Mutual of Omaha
Terry Gouger
PO Box 1604
Omaha, NE 68101

PRRB Case No: 04-1779
Case Name: QRS 92 DSH/Medicaid Proxy Group

Dear Mr. Ravindran and Mr. Gouger:

The Provider Reimbursement Review Board (Board) has received the Provider's October 18, 2007 correspondence indicating that the Provider did not believe that it is necessary to present argument or evidence at the October 19, 2007 hearing as the Provider is electing to pursue an appeal of the EJR decision in Federal Court.

Please note that the Board will hold this hearing today at 12PM EDT as scheduled. Failure to appear will result in the dismissal of your case.

Board Members:
Suzanne Cochran, Esq.
Elaine Crews Powell, CPA
Anjali Mulchandani-West, CPA
Yvette C. Hayes
Michael D. Richards, CPA

For the Board:

Suzanne Cochran, Esq.
Chairperson

Exhibit D

DEC-17-2007 13:75    818 716 5001    P.08/08

DEPARTMENT OF HEALTH AND HUMAN SERVICES
**PROVIDER REIMBURSEMENT REVIEW BOARD**
2520 Lord Baltimore Drive, Suite L
Baltimore MD 21244-2670
Phone: 410-786-2671    FAX: 410-786-5298
Internet: www.cms.hhs.gov/PRRBReview

Suzanne Cochran, Esq., Chairperson
Elaine Crews Powell, CPA
Anjali Mulchandani-West, CPA
Yvette C. Hayes
Michael D. Richards, CPA

Refer to:

**CERTIFIED MAIL**    **received** OCT 22 2007
10/26/07 RV

Case No.: 04-1779G

Quality Reimbursement Services
J.C. Ravindran
President
150 N. Santa Anita Avenue
Suite 570A
Arcadia, CA  91006

RE:    QRS 92 DSH/Medicaid Proxy Group
Provider No. Various
FYE: 12/31/1992

Dear Mr. Ravindran:

The above captioned case was scheduled for a hearing before the Provider Reimbursement Review Board ("Board") on October 19, 2007.  Since the Provider failed to appear at the scheduled hearing, the Board hereby dismisses the case with prejudice.  Any questions regarding this matter may be referred to Ben Cohen, Board Advisor at (410) 786-3169.

For The Board

Suzanne Cochran
Chairman

cc:    Mutual of Omaha
Terry Gouger
P.O. Box 1604
Omaha, NE  68101

Exhibit E

JS-44
(Rev.1/05 DC)

07-2264
GK

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

LESTER E. COX MEDICAL CENTERS

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___ 88888 ___
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Alan J. Sedley, Esq.
Law Offices of Alan J. Sedley
21550 Oxnard Street Suite 880
Woodland Hills, CA 91367
Tel: 818-716-6800
Fax:818-716-5001

## DEFENDANTS

Michael O. Leavitt, Secretary U.S. Dept. Health and Human Services

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-02264
Assigned To : Kessler, Gladys
Assign. Date : 12/17/2007
Description: Admn Agency Review

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

O 1 U.S. Government Plaintiff
O 3 Federal Question (U.S. Government Not a Party)
◉ 2 U.S. Government Defendant
O 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**O A. Antitrust**

☐ 410 Antitrust

**O B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**◉ C. Administrative Agency Review**

☒ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**O D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**O E. General Civil (Other)**     OR     **O F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (If not administrative agency review or Privacy Act

3

| O  G. Habeas Corpus/ 2255 | O  H. Employment Discrimination | O  I. FOIA/PRIVACY ACT | O  J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| O  K. Labor/ERISA (non-employment) | O  L. Other Civil Rights (non-employment) | O  M. Contract | O  N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities- Employment ☐ 446 Americans w/Disabilities- Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

O 1 Original Proceeding   O 2 Removed from State Court   O 3 Remanded from Appellate Court   O 4 Reinstated or Reopened   O 5 Transferred from another district (specify)   O 6 Multi district Litigation   O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

42 U.S.C. § 1395oo(f), Judicial Review of Provider Reimbursement Review Board Dismissal of Administrative Appeal.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ N/A   Check YES only if demanded in complaint   JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☒   NO ☐   If yes, please complete related case form.

DATE  12/17/07   SIGNATURE OF ATTORNEY OF RECORD   _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.