# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LESTER E. COX MEDICAL CENTERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL O. LEAVITT, Secretary, | ) | Case Number: 1:07-cv-02264 (GK) |
| Health and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Michael O. Leavitt, the Secretary of Health and Human Services (the "Secretary"), by and through his undersigned counsel, hereby answers Plaintiff's Complaint as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over the merits of this case, including any claim that the Provider Reimbursement Review Board's ("PRRB") decision to deny expedited judicial review was unlawful, and any claim that Plaintiff is entitled to include Missouri uncompensated care days in the Medicaid proxy for disproportionate share hospital ("DSH") payments.

## THIRD DEFENSE

Plaintiff's claims for additional payment under the Medicare program are barred on the

grounds of estoppel, res judicata, claim and issue preclusion, waiver, and the applicable statute of limitations.

## **FOURTH DEFENSE**

Defendant answers the numbered paragraphs of the Complaint, using the same numbering contained in the Complaint, as follows[1]:

1.  This paragraph contains Plaintiff's characterization of this action, to which no response is required.

2.  The first sentence contains Plaintiff's characterization of this action, to which no response is required.  The second sentence contains a conclusion of law, to which no response is required.

3-4.  These paragraphs contain Plaintiff's charcterization of this action and conclusions of law, to which no response is required.

5-6.  Admits.

7.  The first sentence contains Plaintiff's characterization of this action, to which no response is required.  The second, third, seventh, and eighth sentences contain conclusions of law and Plaintiff's characterization of the Medicare statute, to which no response is required. Denies the fourth, fifth, sixth and ninth sentences.

8-9.  These paragraphs contain Plaintiff's characterizations of the Medicare statute and conclusions of law, to which no response is required.

---

[1] The paragraphs of this Answer respond to paragraphs in the Complaint that appear under various headings, some of which contain conclusions of law, not allegations of fact, and thus to which no response is required (see Compl. at 9.); to the extent a response is deemed necessary, denies.

10.  The first two sentences of this paragraph contain Plaintiff's characterizations of Medicare regulations, to which no response is required.  Admits the third and fourth sentences.

11-13.  These paragraphs contain Plaintiff's characterizations of the Medicare statute and conclusions of law, to which no response is required.

14.  Admits the first sentence of this paragraph.  The Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the second sentence, and on that basis denies.  The third sentence contains Plaintiff's characterization of its claims in this lawsuit, to which no response is required.

15-16.  These paragraphs contain Plaintiff's characterizations of the Medicare statute and conclusions of law, to which no response is required.

17.  Admits the first sentence.  Admits that fiscal intermediaries act as the Secretary's agents in issuing notices of program reimbursement ("NPR"), but otherwise denies the second sentence.

18-20.  These paragraphs contain conclusions of law and Plaintiff's characterizations of and quotations from the Medicare statute, to which no response is required.

21.  Admits.

22.  Admits the first sentence of this paragraph.  Denies the second sentence, except to admit that Medicaid is a cooperative federal-state program which provides financial reimbursement for health-related services to eligible participants, who may include, inter alia, persons of limited or low income.

23-25.  These paragraphs contain Plaintiff's characterizations of the Medicare statute, to which no response is required.

3

26-27.  Defendant admits that the allegations in these paragraphs are consistent with Plaintiff's submissions before the PRRB, but otherwise denies on the ground that he lacks information or knowledge sufficient to allow him to form a belief as to the truth or falsity of the allegations because the PRRB made no findings regarding the merits of Plaintiff's claims.

28.  Admits the first sentence of this paragraph.  Denies the second sentence.

29.  The first sentence of this paragraph contains a conclusion of law, to which no response is required.  The second and third sentences contain Plaintiff's characterization of its position before the PRRB, to which no response is required.

30.  Admits the first two sentences of this paragraph.  The third sentence contains a partial quotation from a letter that it sent to the PRRB, to which no response is required.

31.  The first, second, and third sentences of this paragraph contain Plaintiff's characterizations of this action, Plaintiff's characterization of a Medicare regulation, a Program Memorandum, and a ruling, as well as conclusions of law, to which no response is required. Denies the fourth sentence.

32.  Admits the first two sentences of this paragraph.  The third sentence is ambiguous, and on that basis denies.  The fourth sentence contains Plaintiff's characterization of a decision by the PRRB in another case, to which no response is required.

33.  This paragraph contains Plaintiff's characterization of and partial quotation from the PRRB decision denying Plaintiff's request for expedited judicial review ("EJR"), to which no response is required.

34.  Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the first, second, and third sentences of this paragraph.  Denies the fourth sentence.

35. Denies.

36. Denies the first sentence of this paragraph. The second, third, and fourth sentences contain Plaintiff's characterizations of and partial quotations from its letter to the PRRB, to which no response is required. Denies the fifth sentence.

37. This paragraph contains Plaintiff's characterization of a letter to Plaintiff from the PRRB, to which no response is required.

38. Admits.

39. Admits the first sentence of this paragraph. The second sentence contains conclusions of law, to which no response is required.

40-41. Denies.

42. Defendant realleges and incorporates by reference his responses to paragraphs 1 through 41 as if fully set forth herein.

43-44. Denies. By way of further answer, Defendant avers that the issue whether the PRRB properly denied Plaintiff's request for EJR is not properly before the Court.

45. This paragraph contains Plaintiff's characterization of its claim and request for relief, to which no response is required. By way of further answer, Defendant avers that the issue concerning EJR referenced in this paragraph is not properly before the Court.

46. Defendant realleges and incorporates by reference his responses to paragraphs 1 through 45 as if fully set forth herein.

47. The first sentence contains a conclusion of law, to which no response is required. Denies the second sentence. By way of further answer, Defendant avers that the issue whether General Relief days should be included in Plaintiff's DSH calculation is not properly before the

Court.

48.  This paragraph contains Plaintiff's request for relief, to which no response is required.

49.  Admits the first sentence.  The second sentence contains Plaintiff's characterization of its claim, to which no response is required.

50.  Denies.

51.  This paragraph contains Plaintiff's characterization of the Medicare statute, to which no response is required.  By way of further answer, Defendant avers that the issue whether General Relief days should be included in Plaintiff's DSH calculation is not properly before the Court.

52.  Defendant admits that the allegations in this paragraph are consistent with Plaintiff's submissions before the PRRB, but otherwise denies.  By way of further answer, Defendant avers that he lacks information or knowledge sufficient to allow him to form a belief as to the truth or falsity of the allegations in this paragraph because the PRRB made no findings regarding the merits of Plaintiff's claims.

53-55.  Denies.

The remainder of the Complaint consists of Plaintiff's prayer for relief, to which no response is required.  To the extent that a response may be required, Defendant denies that Plaintiff is entitled to the relief requested or to any other relief from Defendant.  Defendant further avers that the only issue properly before the Court is whether the PRRB acted arbitrarily, capriciously, or without a legal basis in dismissing Plaintiff's appeal.  All allegations contained in the Complaint not heretofore specifically admitted, modified, or denied are hereby generally

denied as completely as if separately and specifically denied.

Defendant respectfully requests that the Court enter judgment dismissing this action with prejudice, affirming the validity of the challenged agency action, and awarding Defendant costs and such other relief as the Court may deem appropriate.

The Secretary will file separately a certified copy of the administrative record.

Respectfully submitted,

_____/s/_____
JEFFREY TAYLOR
United States Attorney
D.C. Bar No. 498610


_____/s/_____
CHRISTOPHER B. HARWOOD
Assistant United States Attorney
New York Registration No. 4202982
555 Fourth Street, N.W.
Washington, DC 20530
(202) 307-0372
(202) 514-8780 (fax)


_____/s/_____
BRETT BIERER
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare & Medicaid Services Division
Room C2-05-23
7500 Security Boulevard
Baltimore, Maryland 21244-1850
(410) 786-1473
(410) 786-5187 (fax)

OF COUNSEL:

THOMAS R. BARKER
Acting General Counsel

JANICE L. HOFFMAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate General
    Counsel for Litigation

United States Department of
    Health and Human Services