UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LESTER E. COX MEDICAL          :
CENTERS,                       :
                               :
              Plaintiff,       :
                               :
         v.                    :      Civil Action No. 07-2264 (GK)
                               :
KATHLEEN SEBELIUS,[1] Secretary :
of Health and Human Services,  :
                               :
              Defendant.       :

MEMORANDUM OPINION

Plaintiff Lester E. Cox Medical Centers ("Plaintiff" or "Cox") is a provider of acute care, inpatient hospital services located in Missouri. Plaintiff brings this action against Kathleen Sebelius in her official capacity as Secretary of the Department of Health and Human Services ("Defendant" or "HHS"), after Defendant dismissed Cox's administrative appeal for failure to appear at a hearing. Pursuant to the Medicare Act, 42 U.S.C. § 1395 et seq., and the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 et seq., Cox challenges that decision. This matter is before the Court on Plaintiff's Motion for Summary Judgment [Dkt. No. 24] and Defendant's Cross-Motion for Summary Judgment [Dkt. No. 25]. Upon consideration of the Motions, Oppositions, Replies, and the entire record herein, and for the reasons stated below, Plaintiff's Motion

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Secretary of Health and Human Services Kathleen Sebelius is automatically substituted as Defendant for former Secretary Michael O. Leavitt.

for Summary Judgment is **denied** and Defendant's Motion for Summary Judgment is **granted.**

I.   **BACKGROUND**[2]

Part A of the Medicare Act provides for prospective payments to healthcare providers, such as Plaintiff, that offer inpatient care to Medicare beneficiaries.  See 42 U.S.C. § 1395ww(d).  Under this "prospective payment system" ("PPS"), hospitals receive a pre-determined payment that is calculated based on a complex statutory formula.  Providers file annual cost reports that detail the "reasonable costs" they have incurred and the portion of those costs that are covered by Medicare.  42 U.S.C. § 1395g(a); 42 C.F.R. § 413.50.  HHS delegates Medicare administration to the Centers for Medicare and Medicaid Services ("CMS").  CMS often contracts out to "fiscal intermediaries," usually insurance companies, the task of auditing the providers' cost reports and creation of a Notice of Program Reimbursement ("NPR"), which informs the hospital of the intermediary's final determination of its Medicare reimbursement for the period in question.  42 C.F.R. §§ 405.1803, 421.100.

In this challenge to the intermediary's calculation of one of the several Medicare hospital-specific adjustments that can be made to the PPS, Cox argues that the Intermediary wrongly calculated its

---

[2]     Unless otherwise noted, the facts set forth herein are drawn from the Administrative Record ("AR") [Dkt. No. 10].

"disproportionate share hospital" ("DSH") adjustment.[3]   Certain
hospitals receive a payment adjustment because they serve a
"significantly disproportionate number of low-income patients." 42
U.S.C. § 1395ww(d)(5)(F)(i)(I).  Eligibility for this adjustment,
as well as its value, is determined by looking to a provider's
"disproportionate patient percentage." Id. at § 1395ww(d)(5)(F)(v).
Under  § 1395ww(d)(5)(F)(vi), this percentage is calculated by
combining two fractions, known as the Medicare Proxy and the
Medicaid Proxy.   42 C.F.R. § 412.106(b).

     The merits of this case deal with Cox's challenge to the
exclusion of certain days from the numerator of the Medicaid Proxy.
Pl.'s Mot. for Summ. J., or in the Alternative, Summ. Adjudication
of the Issues at 2 ("Pl.'s Mot.") [Dkt. No. 24].  Plaintiff charges
that Defendant wrongly refused to include the patient-days that it
provided under the State's General Relief program as Medicaid-
eligible days for purposes of the Medicaid fraction.   Failure to
include those days had the effect of reducing the hospital's DSH
adjustment.

     The Medicare Act permits dissatisfied providers to bring their
claims before the Provider Reimbursement Review Board ("PRRB" or
"the Board").  42 U.S.C. § 1395oo(a).  On February 9, 1998, in Case
No. 98-3283, Plaintiff challenged the NPR issued by its fiscal

---

     [3]    There are both Medicare DSH payments and Medicaid DSH
payments.

intermediary for the fiscal year ending September 30, 1992, by raising several substantive challenges to the calculation of the Medicaid fraction. In May of 2004, the Plaintiff and the intermediary negotiated an agreement, AR at 619-20, which was forwarded to the Board. The Board then granted Plaintiff's request for withdrawal of its appeal and Case No. 98-3283 was closed. AR at 625.

Prior to withdrawal of its case, Cox requested that the DSH issue which it had raised in Case No. 98-3283 be combined with another appeal to create a group appeal. The Board allowed this group appeal (Case No. 04-1779G) to go forward. A hearing was scheduled for October 19, 2007. Prior to that hearing, the intermediary had filed a jurisdictional brief arguing that the DSH issue had already been resolved by the 2004 settlement agreement in Case No. 98-3283.

On September 19, 2007, the Board received notification that an attorney would be representing the providers in the group appeal, Case No. 04-1779G. AR at 199. According to the Government, Plaintiff was not represented by counsel before this time.[4] Further, there is no record of counsel entering an appearance in

_____

[4]    Defendant also notes that part of the reason that the Board scheduled the October 19, 2007, hearing was to clarify the highly complicated procedural history of Cox's appeal. Def.'s Opp'n to Pl.'s Mot. at 15 n. 10.

the case after notifying the Board on September 19.  Def.'s Opp'n to Pl.'s Motion at 14 ("Def.'s Opp'n") [Dkt. No. 26].

On October 13, 2007, days before the scheduled hearing in the group appeal, Plaintiff filed with the Board a request for "expedited judicial review" ("EJR").  Such a procedure allows the Board to authorize judicial review of an Intermediary action that "involves a question of law or regulations relevant to the matters in controversy whenever the Board determines . . . that it is without authority to decide the question."  42 U.S.C. § 1395oo(f)(1).  Cox maintained that the Board did not have the authority to decide certain questions of law and regulations. Pl.'s Mot. at 4.

The Board disagreed.  It issued its EJR ruling on October 17, 2007, in which it concluded that, for several reasons, the issues should proceed to a hearing, and that immediate judicial review was not appropriate.  AR at 44-45.  Among the issues that the Board wanted to resolve at the hearing was whether the intermediary's 2005 jurisdictional challenge was a valid one.  Id. at 45. ("The Board will hear the [jurisdictional] challenge and the Providers' [sic] response, along with other motions, at the October 19 hearing.").

On October 17, 2007, Plaintiff received notice--the same day that the PRRB denied EJR--that it was permitted to appear at the hearing by telephone.  On October 18, 2007, Cox informed the Board

that it would not be appearing at the hearing at all, AR at 31; in response, on October 19, 2007, the Board sent Cox a letter indicating that failure to appear would result in dismissal, AR at 2.  The hearing was conducted on October 19, but Plaintiff chose not to attend.  On October 22, 2007, the Board formally dismissed Case No. 04-1779G with prejudice due to Plaintiff's failure to appear.  AR at 1.

The PRRB is authorized by statute to "make rules and establish procedures, not inconsistent with the provisions of this subchapter or regulations of the Secretary, which are necessary or appropriate to carry out the provisions" of the statute.  42 U.S.C. § 1395oo(e).  CMS issued PRRB Instructions in March of 2002, setting forth the Board's policies and guidelines.  See PRRB Instructions at Introduction.[5]  One of the rules directed at providers states: "[i]f you fail to appear at the hearing without a good cause finding by the Board, [the Board] will dismiss your case with prejudice."  PRRB Instructions at III.B.I.d.

---

[5]     Since the filing of this action, the PRRB Instructions in place have been modified in key respects.  See PRRB Rules (July 1, 2009), available at http://www.cms.hhs.gov/PRRBReview/Downloads /PRRBRules2009_070109.pdf.  These updated Rules apply only to appeals pending or filed on or after July 1, 2009. Id. at Forward. For purposes of this Memorandum Opinion, the relevant text is the 2 0 0 2   P R R B   I n s t r u c t i o n s ,   a v a i l a b l e   a t http://www.cms.hhs.gov/PRRBReview/Downloads/PRRB_Instructions_Mar ch_03.pdf, which is the version that governs Plaintiff's appeal.

On August 3, 2009, parties filed their Motions.[6]  On October 1, 2009, the Court denied Plaintiff's request to stay the proceedings while a related case was pending before another Judge of this Court.  Minute order (Oct. 1, 2009).  Briefing was fully completed on January 13, 2010.

## II.  STANDARD OF REVIEW

The Medicare Act provides for judicial review of a final decision made by the Board.  42 U.S.C. § 1395oo(f)(1).  The Act instructs the reviewing court to apply the provisions of the APA. Id.  Under the APA, the agency decision is set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 702(2)(A).

"The arbitrary and capricious standard [of the APA] is a narrow standard of review."  Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971).  It is well established in our Circuit that "[t]his court's review is . . . highly deferential" and "we are 'not to substitute [our] judgment for that of the agency' but must 'consider whether the decision was based on

---

[6]    At parties' request, this case was stayed on July 2, 2008, in light of motions before our Court of Appeals for rehearing of a related case, Adena Reg'l Med. Ctr. v. Leavitt, 527 F.3d 176 (D.C. Cir. 2008).  Minute Order (July 2, 2008).  Rehearing was denied.  However, the briefing schedule was further extended when Plaintiff requested an additional stay to await the outcome of the petition for certiorari filed in the Adena case.  Order (Oct. 30, 2008).  The Supreme Court elected not to hear that case.  A new briefing schedule was put in place on July 1, 2009.  Minute Order (July 1, 2009).

a consideration of the relevant factors and whether there has been a clear error of judgment.'" Bloch v. Powell, 348 F.3d 1060, 1070 (D.C. Cir. 2003) (citations and internal quotation marks omitted); see also United States v. Paddack, 825 F.2d 504, 514 (D.C. Cir. 1987).

If the "agency's reasons and policy choices . . . conform to 'certain minimal standards of rationality' . . . the [agency decision] is reasonable and must be upheld." Small Refiner Lead Phase-Down Task Force v. EPA, 705 F.2d 506, 521 (D.C. Cir. 1983) (citation omitted); see Kisser v. Cisneros, 14 F.3d 615, 619 (D.C. Cir. 1994).

Summary judgment will be granted when there is no genuine issue as to any material fact. See Fed. R. Civ. P. 56(c). Since this case involves a challenge to a final administrative decision, the Court's review on summary judgment is limited to the administrative record. Holy Land Found. for Relief and Dev. v. Ashcroft, 333 F.3d 156 (D.C. Cir. 2003) (citing Camp v. Pitts, 411 U.S. 138, 142 (1973)); Richards v. Immigration & Naturalization Serv., 554 F.2d 1173, 1177 (D.C. Cir. 1977)) ("Summary judgment is an appropriate procedure for resolving a challenge to a federal agency's administrative decision when review is based upon the administrative record.").

## III. ANALYSIS

Plaintiff mounts several challenges to the Board's actions. It argues that the dismissal for failure to appear "was inappropriate," that the Board's jurisdictional decision was in error, and that the Court should hold that the hospital's General Relief patient-days count as Medicaid-eligible days for purposes of calculating its Medicaid DSH fraction.

### 1. The Board's Decision to Dismiss Plaintiff's Case for Failure to Appear at the Hearing Was Not Arbitrary or Capricious.

The decision under review is the Board's dismissal of Plaintiff's appeal for failure to appear, a decision that was issued orally on October 19, 2007, and in writing on October 22, 2007.[7] AR at 22-23; 1; see also Pl.'s Mot. at 7 ("Based upon this

---

[7]    In its Opposition and Reply brief, Plaintiff challenges the dismissal order as not having been decided by a quorum of the PRRB, as required by 42 C.F.R. § 405.1845(d) (2000).  Pl.'s Opp'n and Reply to Def.'s Opp'n to Pl.'s Mot. at 7-10 ("Pl.'s Reply") [Dkt. No. 28-29]. In support of this position, Plaintiff observes that the dimissal order was signed by only one member of the Board. See AR at 1.  This point was not raised in the Complaint or Plaintiff's Motion.  An argument that is not raised before the reply is untimely and will not be allowed. La. Pub. Serv. Comm'n v. FERC, 482 F.3d 510, 521 (D.C. Cir. 2007).  Plaintiff argues in the preface to its Reply brief that because the brief is a joint Opposition and Reply, it is appropriate to raise certain arguments in that filing.  Pl.'s Reply at 2.  However, its quorum argument is not designed to respond to a new or unexpected point at issue; indeed, it pertains to the dispositive issue in the case, and therefore raising it at such a late juncture is inappropriate.

Assuming arguendo that this argument is timely, Plaintiff mis-characterizes the record.  At the October 19, 2007 hearing, the Chair of the Board announced the decision orally, and on October

(continued...)

non-appearance, the Board dismissed the Hospital's case, with prejudice."). This ruling represents the Board's "final decision" on the matter. <u>See</u> 42 U.S.C. § 1395oo(f)(1) (stating that "[p]roviders shall have the right to obtain judicial review of any final decision of the Board"). Consequently, the dismissal is the only order that is before the Court to review. <u>Id.</u>

        Plaintiff at times recognizes that the dismissal for failure to appear is the decision before the Court, <u>see</u> Pl.'s Mot. at 7, 11, and at times seems to completely ignore it and argues that the Court should reach the merits of its appeal, <u>see</u> Pl.'s Mot. 21-22. The Court cannot reach the merits of the case if they were not the basis of the agency's decision. <u>See</u> <u>High Country Home Health, Inc.</u>

---

(...continued)
22, 2007, issued the written decision. The lone signature on the written order does not change the fact that the Board as a whole came to the conclusion to dismiss Plaintiff's appeal. <u>See</u> AR at 22-23 (oral ruling before five members of PRRB). Additionally, the closing of the letter reads "For The Board," and is signed by Suzanne Cochran, its chairman. AR at 1. Therefore, the quorum argument, even if timely, fails.

        It bears mentioning that there is a certain disingenuousness underlying Plaintiff's position. Cox observes that the policy behind the quorum requirement is, in part, to ensure that the provider community is represented on the Board, as two of the five Board members must be representative of that community. Pl.'s Reply at 8. Cox complains that the dismissal signed by Cochran on behalf of the Board deprived the provider "of a decision in which at least one member representing the provider community was a participant." <u>Id.</u> at 9. Five members were present at the hearing, so the provider community was certainly represented when the issues were discussed in depth. AR at 9. In addition, Cox elected not to attend the hearing, which assuredly would have been the best way to guarantee that its interests were represented.

v. Thompson, 359 F.3d 1307, 1315 (10th Cir. 2004) ("These arguments largely go to the merits, and given that the only final decision by the Board is a dismissal for untimeliness, we have no occasion to consider the merits of High Country's underlying claims here.").

Thus, there is no question that the Court cannot reach the merits in this case. The Board's decision to dismiss the appeal for failure to appear at the October 19, 2007, hearing is unambiguous. See AR at 1 ("Since the Provider failed to appear at the scheduled hearing, the Board hereby dismisses the case with prejudice."). That decision will be upheld if the Board provided a "rational connection between the facts found and the choice made." Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983).

PRRB Instructions state that "[i]f [the provider] fail[s] to appear at the hearing without a good cause finding by the Board, [the Board] will dismiss [the] case with prejudice." PRRB Instructions at III.B.I.d. There is no dispute that Plaintiffs received notice of the consequences of inaction. See AR at 2 (letter from Board to Cox informing Plaintiff that "[f]ailure to appear will result in dismissal of your case"). Plaintiff characterizes this notice as a "threat," and claims that it did not appear for the hearing because "any such appearance would . . . be

overly burdensome and futile."[8]  Pl.'s Mot. at 7. In light of these facts, the Board's clearly stated rule gave adequate notice to Plaintiff, and dismissal with prejudice was eminently reasonable in light of Plaintiff's failure to follow that rule.

This is especially true because of the enormous burden PRRB has in dealing with a large volume of appeals.[9]  In a case whose procedural posture closely resembles this one, this Court found that the PRRB appropriately relied on its procedural rules in dismissing an appeal for failure to file a position paper on time. See Rapid City Reg'l Hosp. v. Sebelius, Civ. No. 06-1828, 2010 WL 367544, at *4 (D.D.C. Feb. 2, 2010).  Such rules are necessary for the Board to control and efficiently dispose of its substantial docket.  Id. at *3-5.  As our Court of Appeals has stated in upholding the Board's enforcement of its rules, "the Board's procedural rules mean what they say and say what they mean." Baptist Mem'l Hosp.-Golden Triangle v. Sebelius, 566 F.3d 226, 227 (D.C. Cir. 2009).

There is no challenge to the validity of the PRRB Instructions or to agency regulations.  The Board cannot be faulted for following its own rules in this case.  Cf. Rapid City, 2010 WL

---

[8]    The Board gave Plaintiff the option to appear by telephone or in person.  AR at 3, 46.

[9]    The Board's backlog of cases as of May 23, 2008, was approximately 6,800 cases.  Gov Opp'n to Pl.'s Mot. at 19 n. 12 (citing Federal Register) ("Gov Opp'n) [Dkt. No. 26].

367544, at *5 (reasoning that "[i]t is completely rational and reasonable for a court, or agency, to impose deadlines, and to interpret them strictly and uniformly"). For all these reasons, the Board's decision is affirmed, and Plaintiff's Motion is denied.

**2.  Plaintiff's EJR Request Is Not Before the Court.**

Plaintiff, in an effort to evade the consequence of its failure to appear, insists that the Board's handling of the jurisdictional question must be reviewed and reversed. Pl.'s Mot. at 12. As already discussed, only one "final decision" is before the Court: the Board's dismissal for failure to appear at the hearing. Plaintiff's convoluted argument that the EJR denial forms the basis of this Court's review is not supported by the law or the facts in the record.

Cox argues that the Board decided the jurisdictional question in the process of rendering its EJR decision on October 17, 2007. Pl.'s Reply at 2-3. It bases this argument on the Board's statement that "jurisdiction has not been established." AR at 46. In Plaintiff's view, this amounts to an admission by the Board that it lacked jurisdiction over the appeal, and this admission deprived it of the authority to proceed with any hearing and to dismiss the case when Plaintiff failed to appear. Pl.'s Reply at 3-4.

However, the Board made no such jurisdictional finding in its October 17, 2007, EJR decision. The language cited by Plaintiff ends a paragraph in which the Board notes that the Intermediary is

-13-

challenging jurisdiction. AR at 45. The Board set the hearing in order to "hear the challenge and the Providers' response, along with other motions." Id. The Board never ruled that it lacked jurisdiction to conduct a hearing. In fact, the purpose of the hearing, in part, was to determine whether or not the Board had jurisdiction over Plaintiff's appeal. Cf. United States v. United Mine Workers of Am., 330 U.S. 258, 291 (1947) (explaining well-known principle that a court has jurisdiction to decide its own jurisdiction). Cox failed to appear at the proceeding, and only then did the Board dismiss the case.

The Court is also not persuaded by Plaintiff's efforts to portray the Board's decision to hold a hearing that discussed jurisdiction as impermissible under the regulations. Pl.'s Reply at 6. Plaintiff points to regulatory language that states, "[t]he information and documentation required with respect to the filing of a request for a hearing is used by the Board to determine jurisdiction." 42 C.F.R. § 405.1842(b)(2) (2007).[10] However, there

_____

[10]    42 C.F.R. §§ 405.1842 has been amended. The Court relies on the text of the regulations in place during Plaintiff's administrative appeal in 2007, found at 42 U.S.C. § 405.1842 (2007).

is no language in the Regulation precluding the Board from holding a hearing.

Further, PRRB Instructions and regulations do not allow for immediate judicial review where EJR is denied, as it has been here. Under 42 C.F.R. § 405.1842(h)(1) (2007), the Board's decision to grant EJR is a final, reviewable decision.  Under 42 C.F.R. § 405.1842(g)(2) (2007), "[i]f there are factual or legal issues in dispute on an issue within the authority of the Board to decide, the Board will not make an [EJR] determination on the particular issue but will proceed with a hearing."  The PRRB Instructions confirm that EJR denial will result in a hearing.  PRRB Instructions at I.E.III.

In short, Plaintiff's various attempts to shift the Court's focus from the one dispositive issue in this case are not convincing.  The EJR denial is not before the Court.  The Board made no jurisdictional ruling in denying EJR, as is evidenced by the clear language of its October 17, 2007 decision.  AR at 45. Finally, denial of EJR is not, under the relevant regulations, a basis for judicial review.

### 3.    The Court Has No Authority to Rule on the Merits of Plaintiff's Challenge.

For the reasons discussed above, the Court will not reach the merits of Plaintiff's arguments.  See Country, 359 F.3d at 1315; see also Anaheim Mem'l Hosp. v. Shalala, 130 F.3d 845, 853 (9th Cir. 1997).  The Board did not decide the appeal on substantive

grounds.  The only issue before the Court is whether dismissal for failure to appear was an arbitrary and capricious decision.

**IV.   CONCLUSION**

For the foregoing reasons, Defendant's Cross-Motion for Summary Judgment is **granted,** and Plaintiff's Motion for Summary Judgment is **denied.**  An order shall issue with this Memorandum Opinion.


March 9, 2010
/s/
Gladys Kessler
United States District Judge


**Copies to**: attorneys on record via ECF

-16-